E. T. LIKES, Appellant, v. J. S. POLK, Appellee.

1. **Sale of Mortgaged Land:** VENDOR'S AGREEMENT TO PAY MORT-GAGE: CONSTRUCTION. The defendant sold to the plaintiff land incumbered by a mortgage made by one D., and agreed to pay off said mortgage as soon as he could do so according to the terms thereof. The mortgage reserved to D. the right to pay the whole of the principal at the date named for making any interest payment. *Held*, that the defendant's agreement bound him to pay off the mortgage on the first day named for paying interest subsequent to the date of his agreement with the plaintiff.

2. ———: ———: PAYMENT BY VENDEE: RIGHT OF ACTION: EVIDENCE. The vendor having failed to pay said mortgage as agreed, the vendee, on March 26, 1891, paid the amount thereof to the mortgagee, who accepted such payment in full satisfaction thereof. The mortgage, however, having previously been assigned by the mortgagee to a trustee as collateral security, the mortgagee the next day notified the trustee of such payment, and some days later gave to the trustee other securities, which were accepted as a substitute for said mortgage, and the mortgage was then returned to the mortgagee with a satisfaction piece. *Held*, that the facts warranted a finding that the vendee had paid the mortgage on March 26, 1891, and that he thereupon had a cause of action against the vendor for a breach of said agreement.

3. Mortgage: PROVISION FOR PAYMENTS ON INTEREST DAYS: CONSTRUCTION. A mortgage provided that the mortgagor might pay five hundred dollars of the principal, or any multiple thereof, on any annual interest day, but that the principal should not be reduced to a sum less than five hundred dollars. Another provision was that the whole of the principal might be paid on any interest day. *Held*, that these provisions were not contradictory; their true meaning being that the mortgagor might pay the whole of the principal on any interest day, but that, if he paid only a part of it, he should not be permitted to reduce the principal below five hundred dollars; and that, these provisions not being inconsistent, there was no occasion, because one of them was written in a printed form, to invoke the rule that the writing in such cases prevails over the printed matter.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, MAY 19, 1893.

ACTION on contract for the payment of a mortgage debt. Joseph B. Davis was the owner of the property, being certain lots in the city of Des Moines, and he gave a mortgage thereon to the New England Loan & Trust Company, due February 1, 1894. The lots were conveyed to the defendant, and by him to the plaintiff, with the incumbrance thereon; the defendant agreeing to discharge the mortgage. With certain omissions, not important, in view of the questions presented in argument, the appellee states the facts as follows:

"*First.* The contract between the plaintiff and the defendant for the purchase and sale of the said prop-

erty was in writing, and contained, among other things, the following clause with reference to the payment of the mortgage of Joseph B. Davis and wife to the New England Loan & Trust Company, hereinafter mentioned: 'The party of the second part [defendant in this suit] is to furnish an abstract of title to lots seventeen (17), eighteen (18), nineteen (19), and twenty (20), showing that he is the owner in fee simple thereof, and that the same is without lien or incumbrance except the judgment against the said party of the second part and one F. M. Hubbell, for $1,107.13, in favor of Martin Tuttle, and a mortgage thereon executed by Joseph B. Davis and wife to the New England Loan & Trust Company. Said party of the second part is, however, to convey said lots by warranty deed to said party of the first part, warranting the title against all incumbrances whatsoever, and is to discharge the said premises from the lien of the said judgment and the said mortgage. Said judgment is to be paid when the appeal now pending in the supreme court is finally determined, and *the mortgage is to be paid as soon as it can be, according to its terms.*'

"*Second.* 'The party of the first part reserves the right to pay *five hundred* dollars, or any multiple thereof, or $1,750, at the date named for making any interest payment: provided, thirty days' notice in writing be given the said second party of the intention to make such payment: and provided, further, that the principal shall not be reduced to a sum less than *five hundred* dollars. But the payment made under this provision may include the whole of the principal, *and, when $2,000 shall have been paid, said lot seventeen (17) shall be released from the lien of this mortgage; and, upon the payment of $1,750, lot eighteen (18) shall be released; and upon the payment of $1,000, lot nineteen (19) shall be released. The payment for release of one lot shall not apply towards the release of any other.*'

"*Third.* The above mortgage was executed on a printed blank, and the words written therein at the time it was executed are italicized in the above quotation. This mortgage was assigned to the Farmers' Loan & Trust Company of New York prior to August 29, 1890. After the contract of August 29, 1890, was made and entered into by and between the plaintiff and the defendant, the plaintiff, desiring to borrow money upon the security of said property so sold to him by the said Polk, and on which said Davis mortgage rested, found it necessary to remove the mortgage of the said Davis and wife therefrom, and to this end he procured the New England Loan & Trust Company, the mortgagee in said Davis mortgage, to consent, so far as it might do, that the same might be paid off before its maturity, and notified the defendant of such agreement, and asked the defendant to pay the same. This the defendant, Polk, declined to do, because it was in violation of his contract and understanding made and entered into by him, as shown by the contract of August 29, 1890. The plaintiff, having paid off the mortgage to the New England Loan & Trust Company, asks judgment against the defendant for the amount so paid."

The district court, upon the main issue, gave judgment for the defendant, and the plaintiff appealed. *Reversed.*

*Cummins & Wright,* for appellant.

*J. S. Polk,* with *J. D. Whisenand,* for appellee.

GRANGER, J.—I. The principal contention is upon the construction of the clause, "and the mortgage is to be paid as soon as it can be, according to its terms." The different claims for construction are these: The appellant says the mortgage could be paid

1. SALE of mortgaged land: vendor's agreement to pay mortgage: construction.

the first day of February, 1891, it being one of the days fixed by the terms of the mortgage for the payment of interest. The appellee says: "This contract does not, as is claimed by the plaintiff, bind the defendant, Polk, to pay off the mortgage on the first day of February, 1891, or as soon as the mortgagor, Davis, could pay it off by its terms; but it binds the defendant, Polk, to pay it off as soon as he (Polk) could do, according to the terms of the mortgage." We think the concluding clause of appellee's statement of his obligation is entirely correct; that is, that he should pay whenever "he could do so, according to the terms of the mortgage." He thinks, however, that he would not have the right to pay as soon as Davis would have the right to, and here seems to be the difficulty of construction. If we look to the different obligations of the defendant and Davis, as created by the different instruments, a correct conclusion ought to be reached as to this question. Davis' obligation and privilege for payment were fixed by the terms of the mortgage. The defendant's obligation was fixed by his agreement with Likes, and he contracted to discharge Davis' obligation according to its terms. The mortgage, by its terms, knew only Davis as an obligor, and its terms for payment, whether obligatory or permissive, are with reference to him. The defendant's agreement was to discharge a pre-existing obligation, to which he was not a party.

We do not look to his agreement, then, to know the terms of payment, but to the mortgage; that is, he agreed to pay according to the terms made by Davis when he gave the mortgage. Now, having in mind—and upon this the parties agree—that the defendant was not a privy to the mortgage contract, and was without obligation to the mortgagee, it will be seen that his duty was not to pay upon demand, but to pay without demand, as soon as he could by the terms of

the mortgage. His obligation was, to say the least, to try to pay as Davis would have a right to pay; for the plaintiff and the defendant surely had in mind, when contracting, the terms of the mortgage, and the language is far from indicating that they then had in view its maturity for the time of payment. If but one time was then in contemplation, and that the maturity of the mortgage, the words, "as soon as it can be, according to its terms," would not have been apt or natural language to express the purpose. But, with the clause of the mortgage permitting an earlier payment, at the election of Davis, such language is entirely appropriate. The language indicates that the parties had in mind a time when it could be paid, as distinct from a time when it should or must be paid. It seems to us that the defendant, by his agreement, was to take the place of Davis, and pay as, by the mortgage, he would be permitted to. If from the contract had been omitted the clause in question, which has reference only to time of payment, the legal effect would be precisely as the appellee now claims it to be, for the mere agreement to pay the mortgage, which is expressed in another clause, would require its payment at maturity. We must assume that the specific clause as to time was inserted for some purpose. It is by no means clear that he had not the legal right to pay as Davis could, but that we need not decide. It is clear that he was to discharge the mortgage February 1, 1891, if he could do so—that is, if payment would be accepted from him, as it must have been from Davis; and before he can avoid liability for a failure he must be able to show that he could not do so. On the contrary, it is made to appear that he could, but would not. To our minds there is clearly a breach of his undertaking, and the district court should have ordered judgment for the plaintiff.

II. It is urged that this suit was commenced before the mortgage was paid by the plaintiff, and hence that there can be no recovery, conceding that the defendant had the right to pay the mortgage February 1, 1891. The facts important in this connection were found by the district court, and are as follows:

2. ——: ——: payment by vendee: right of action: evidence.

"That on the third day of April, 1889, the New England Loan & Trust Company assigned to the Farmers' Loan & Trust Company of New York City, as trustee, the said bond and mortgage. The terms of the trust under which the Farmers' Loan & Trust Company received and held such bond and mortgage, so far as they relate to the present controversy, are shown in the copy of the paper hereto attached, marked 'Exhibit C.' And about the same date the New England Loan & Trust Company assigned to B. F. Kauffman and G. W. Marquardt, trustees, the said note and mortgage, a copy of which is shown in Exhibit B. The terms of the trust under which the latter note and mortgage were received and held are, so far as they relate to this controversy, shown in the copy hereto attached, marked 'Exhibit D.' That, prior to the first day of February, 1891, the defendant, Likes, had an interview with the officers of the New England Loan & Trust Company, and said officers then and there, so far as they had the right or power, waived that provision in the mortgage requiring thirty days' notice to be given of an intention to pay the same, or some part thereof, and notified the said Likes of its willingness to accept payment of both of said mortgages upon said first day of February, 1891, without notice. That, prior to said first day of February, 1891, the said Likes notified the said Polk of the waiver of said notice by the New England Loan & Trust Company, and willingness to accept payment, and demanded of him, the said Polk, that he pay the said mortgages on the said first

day of February, 1891. That the said Polk failed and refused to pay the said mortgages on said day, and refused to pay the same at any other time before the maturity thereof, according to their respective terms. And thereupon, on the twenty-sixth day of March, 1891, and before the bringing of this suit, the said Likes paid to the said New England Loan & Trust Company the sum of two thousand, six hundred and thirty-five dollars and eighty-four cents, in full payment and satisfaction of said mortgage, and the said New England Loan & Trust Company then and there accepted said sum in full payment and satisfaction thereof. That on the twenty-seventh day of March, 1891, the New England Loan & Trust Company notified its New York office that the bond and mortgage shown in Exhibit A had been paid, and on the ninth day of April, 1891, the Farmers' Loan & Trust Company, having received other securities as a substitute for said bond and mortgage, delivered the same to the New England Loan & Trust Company, together with a satisfaction piece."

As we understand, the district court found that the mortgage was paid before the suit was instituted, and on the same day; the suit having been commenced March 26, 1891. The finding is warranted from the facts. The Farmers' Loan & Trust Company held the mortgage as security, and in trust. The fact that the money was received by the New England Loan & Trust Company as a payment, and that upon a mere notice of such fact the treasurer accepted other security, and surrendered the mortgage, would indicate that the payment was in pursuance of some previous understanding. The trustee, after notice that the New England Loan & Trust Company was receiving money in payment of its securities, makes no question of its right to do so, but gives the acts its approval by accepting other securities. This is certainly evidence upon which the district court could have found the fact of payment.

III.  By a reference to the first statement of facts, and in the quotation from the mortgage, will be seen

8. MORTGAGE:
   provision for
   payments on
   interest days:
   construction.

this provision: "And, provided, further, that the principal shall not be reduced to a sum less than five hundred dollars; but the payment made under this provision may include the whole of the principal." It is contended that the provisions are contradictory, and, as we understand, that but one of them is of force.  It is said that the mortgage was made on a printed blank with certain parts filled in by writing, and that the words "five hundred" are of that class, and that under the rule the writing must prevail.  That is true where written and printed matter in an instrument are inconsistent. Code, section 3651.  But we must harmonize the language, if we can, consistently, and let all parts stand.  We think the following construction is clearly within the scope of the language used, and is consistent:  The mortgagor, besides the interest, may make payments of five hundred dollars, or any multiple thereof, and such payments may be of the whole debt, or any part thereof, so that of the principal there shall not be left a sum less than five hundred dollars; that is, the parties have contracted against leaving an unpaid balance of less than five hundred dollars.  Such a provision is a reasonable one, and by such a construction we preserve both clauses of the mortgage.

The district court in its judgment provided that it should be without prejudice to another action, and from that provision the defendant appealed.  Our conclusions render it unnecessary to consider the question.

The judgment on plaintiff's appeal is REVERSED.