WILLARD B. DAWSON & another *vs.* ANNA E. GROTE.

Suffolk. October 22, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Construction. *Mortgage,* Of real estate: assumption of and agreement to pay mortgage debt. *Payment. Words,* "Balance."

The condition in a mortgage of twelve acres of land was the payment of "the sum of four thousand dollars in five years from this date, of which one thousand dollars may be paid on any interest paying date during said five years, in one payment or in two equal payments of five hundred dollars each, and this mortgage may be extended for the further term of three years from the date of the expiration hereof for the balance then due at the same rate of interest." The mortgagor conveyed eight of the twelve acres by a deed which contained a provision that the grantee, "by acceptance of this deed, assumes and agrees to pay said mortgage." Thereafter and before the maturity of the mortgage debt the mortgagee, by an instrument in writing which he delivered to such grantee, extended the mortgage "in accordance with the provisions therein contained,

for the further period of three years from the termination of said mortgage." Later, after the expiration of the original time of payment, the mortgagor brought an action of contract against the grantee of the eight acres for alleged breach of his agreement to assume and pay the mortgage debt. *Held,* that the provision in the condition of the mortgage that the mortgage might be extended "for the balance then due" did not mean that the right to an extension should be conditional on a payment by way of anticipation having been made, the word "balance" being used merely as the equivalent of the word "amount."

*Held, also,* that the right to an extension under the terms of the condition of the mortgage was not merely a personal right of the mortgagor but was assigned by him by his deed of the eight acres, and that the debt which the grantee assumed and agreed to pay was a debt with the privilege of postponing payment for three years, and that the defendant had not agreed to pay the debt as soon as it could be paid in accordance with its terms or at its maturity and consequently had committed no breach of his agreement.

Where a debtor for a valid consideration procures an agreement of a third person to assume and pay a debt, the payment of which by its terms may be anticipated or postponed at the election of the debtor, in the absence of any stipulation to the contrary the rights of anticipation and postponement pass to the person who has agreed to assume the duties of the debtor as to the payment of the debt.

It was *said,* that, if in the present case the right of postponing payment had been derived from an independent collateral agreement instead of being a part of the terms of the debt itself, a different question would have been presented.

LORING, J. This is an action for breach of an agreement to assume and pay a mortgage debt. The case was submitted to the Superior Court on agreed facts and was heard by a judge * sitting without a jury. He found for the defendant and ordered judgment accordingly. From that judgment the plaintiffs took the appeal which is now before us.

On February 25, 1908, Harriet B. Dawson, one of the plaintiffs, her husband being the other, made a mortgage on twelve acres of land then conveyed to her by one Dodge. This mortgage was conditioned on the payment of "the sum of four thousand dollars in five years from this date, of which one thousand dollars may be paid on any interest paying date during said five years, in one payment or in two equal payments of five hundred dollars each, and this mortgage may be extended for the further term of three years from the date of the expiration hereof for the balance then due at the same rate of interest." The condition of the mortgage ends in these words: "then this deed, as also my note of even date herewith, signed by me whereby I promise to pay to the

---

* *Dubuque,* J.

grantee or order the said sum and the said interest at the times aforesaid shall be void."

On December 27, 1911, Mrs. Dawson conveyed eight of the twelve acres to the defendant Anna E. Grote. That deed contained this provision: "And the said Anna E. Grote, by acceptance of this deed, assumes and agrees to pay said mortgage . . . and to make or cause to be made to and for the benefit of Harriet B. Dawson, aforesaid, her executors, administrators and assigns, a good and sufficient release from the operation of said mortgage of that part of the land included therein not in this conveyance described." It is agreed that at the time of this conveyance "the defendant paid to the plaintiffs five hundred ($500) dollars which, together with the agreement implied in law by her acceptance of the deed, constituted the actual consideration for said conveyance."

On February 20, 1913, (that is to say five days before the maturity of the mortgage debt), Mrs. Dodge, the mortgagee, in consideration of one dollar and other valuable considerations to her paid "by Anna E. Grote of Weston, Grantee under a deed given by Harriet B. Dawson, dated December 27, 1911," extended the mortgage "in accordance with the provisions therein contained, for the further period of three years from the termination of said mortgage, to wit, to February 25th, 1916."

On May 22, 1913, the plaintiffs learned of this extension of the mortgage. Thereupon they requested the defendant (Anna E. Grote) "to relieve them [Mrs. Dawson and her husband] and their land from the liability created by said mortgage and the mortgage note given in connection therewith." This the defendant endeavored to do, but the mortgagee refused to accept payment. Thereupon this action was brought.

Mrs. Dawson was the owner in her own right of the twelve acres. Her husband joined in the deed of the eight acres to the defendant Anna E. Grote, as her husband. The action is brought both by the wife and the husband, but the land was owned by the wife in her own right; the conveyance was made by her as the owner of the land and the agreement was made with her as grantor. We shall speak of Mrs. Dawson as the real plaintiff.

1. The first contention of the plaintiffs is that by the terms of the mortgage no right of extension was given unless there had

been an anticipation in payment, and no payment by way of anticipation having been made there was no right of extension in anybody at the time when Mrs. Dawson and the defendant undertook to extend the mortgage. We are of opinion that this contention is not well founded. The contention is based upon the fact that by its terms the right of extension is "for the balance then due," and the argument is that "the balance then due" does not mean the amount then due. Doubtless it would have been more accurate to have said "the amount then due" rather than "the balance then due." But we are of opinion that, the right of extension not being otherwise limited to a case where payment had been made by way of anticipation, the result contended for by the plaintiffs cannot be adopted as the true construction of the agreement.

2. The plaintiff's second contention is that the defendant was bound to pay the debt at maturity. This contention is based on the ground that the right of extension was a personal right of the original mortgagor and never passed to Mrs. Grote.

It appears from the terms of the condition of the mortgage that the mortgage debt was represented by a note signed by Mrs. Dawson. The terms of that note are not set forth in the agreed facts. On this record it must be assumed that there was no discrepancy between the description of the mortgage debt contained in the note signed by Mrs. Dawson and that set forth in her mortgage.

The measure of the obligation which Mrs. Grote took upon herself when she assumed and agreed to pay the mortgage debt is to be determined by ascertaining what the debt was which she agreed to assume and pay. That debt is described in the mortgage as a debt of $4,000 payable on February 25, 1913, with (1) the privilege of anticipating payment on any interest day to the total amount of $1,000 (no payment by way of anticipation to be less than $500), and (2) the privilege of postponing payment of the amount due at maturity of the mortgage debt, the postponement to be for three years. That was the debt which Mrs. Grote agreed to assume and pay. The parties might have provided that Mrs. Grote should pay the mortgage debt "as soon as it can be, according to its terms," as was provided in the deed in question in *Likes* v. *Polk*, 88 Iowa, 298, relied

upon by the plaintiffs. Had a clause to that effect been inserted in the contract between the plaintiff and the defendant, the defendant would have been bound to pay one thousand dollars on the first interest day and the balance on February 25, 1913. Or the plaintiff and the defendant might have provided in their contract that the mortgage debt which the defendant undertook to assume and pay should be paid at maturity. But no clause was inserted by the parties in the deed to the defendant providing when the mortgage debt (which after conveyance of the eight acres to the defendant remained an incumbrance on the four acres still owned by the plaintiff) was to be paid by the defendant. The agreement of the parties was that the defendant "assumes and agrees to pay said mortgage . . . and to make or cause to be made . . . a good and sufficient release from the operation of said mortgage of that part of the land included therein not in this conveyance described." The measure of the obligation assumed by the defendant under that contract is left by the parties to be determined by the terms of the debt which she thereby assumed and agreed to pay. Where a debtor for a valid consideration secures from a third person an agreement to assume and pay a debt, payment of which at the election of the debtor may be anticipated or postponed, the debtor's right of election (in the absence of a stipulation upon the point) as matter of construction of the agreement passes to the person who has agreed to assume the duties of the debtor in the payment of the debt.

If the right of postponing payment had been made the subject of an independent collateral agreement a different question would have been presented. But in place of making the right of postponing payment the subject of an independent collateral agreement (as they might have done; see for example *Keith* v. *Radway*, 221 Mass. 515), the parties in the case at bar incorporated it in and made it a part of the description of the debt which is contained in the mortgage and (on this record we must assume) in the mortgage note.

It is true doubtless that the object of the plaintiff was to get her remaining four acres freed from the incumbrance of this mortgage, and presumably it is true that she would have wanted that done at the earliest possible moment. Why she did not stipulate that it should be done at the earliest possible moment we do not

know.   We must take the contract as the parties made it and not make a new contract for them.

The entry must be

*Judgment affirmed.*

The case was submitted on briefs.
*W. M. Stockbridge,* for the plaintiffs.
*L. G. Brooks,* for the defendant.