FÉLIX LUYANDO, Plaintiff and Appellant, *v.* RAMÓN DÍAZ DÍAZ, Defendant and Appellee.

No. 5915.    Argued January 12, 1933.—Decided May 11, 1934.

Rehearing Denied June 8, 1934.

*A. Marín Marién* for appellant.    *R. H. Blondet* and *E. Díaz Santana* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Félix Luyando sold a piece of property to Ramón Díaz Díaz. They are the parties to this suit. The complaint of Félix Luyando alleged that the price of the sale was four thousand dollars; that one thousand dollars was paid in cash; that the defendant assumed and undertook to pay one thousand dollars to Guillermo Fernández Pérez and two thousand to Antonio Fernández Pérez, mortgage creditors of Luyando, the mortgage debt being secured on the property mentioned.

The complaint also sets up that the contract between the parties was that the defendant should in due course (*en su día*) satisfy to the creditors the three thousand dollars, meaning by such a phrase that Díaz should pay at the maturity of the mortgage or within the term of two years fixed in the mortgage deed; that the said debt of three thousand dollars was not paid at maturity, nor up to the time of the filing of the complaint. Another principal averment of the complaint was, as we have seen, *ante*, p. 664, that Luyando had been sued by the Fernández brothers to recover the sum of three thousand dollars secured by the mortgage. The suit of the Fernández was in the alternative form that if at a sale the mortgaged property did not satisfy the debt the complainants Fernández should recover from Luyando or a subsequent purchaser from Díaz, the difference that should be due and owing; that upon being sued by the Fernández, Luyando notified Díaz that the latter should take charge of the payment of the three thousand dollars and he refused.

The prayer of the complaint is as follows:

"WHEREFORE the plaintiff prays the court to render a judgment against the defendant, Ramón Díaz Díaz, to pay to the former (the plaintiff) the sum of $3,000 with interest at 12% per annum from the 30th of June, 1931, until its complete payment, along with the costs, disbursements and attorney's fees to which the plaintiff herein may be mulcted in the action to which reference is made under the fifth paragraph of this complaint; and that the judgment here prayed should also include a pronouncement to the effect that if the property described should be sold at public auction by virtue of the suit mentioned in said fifth paragraph and should not attain to the amounts secured by the mortgage, the plaintiff should recover the difference from Ramón Díaz Díaz; and that the latter should be required to pay the costs, disbursements and attorney's fees already caused by the present action and which may arise in the future."

The defendant demurred to the complaint and the court overruled the demurrer.

The defendant answered and set up that he had transferred the property; that the interpretation of the words "in due course" was not as plaintiff alleged; that the mortgage debt appeared from the registry and was assumed by the purchaser from him; that the defendant had no personal obligation to the Fernández, creditors of Luyando; and more to the same or similar effect.

The case went to trial. The facts of the complaint were proved. The court, however, held that in accordance with *Malgor & Co. v. J. Clivillés & Co., Succrs., S. en, C.,* 42 P.R.R. 441, the action was premature; that Luyando's cause of action depended upon a future and uncertain event; that in accordance with section 1081 of the Civil Code no cause of action arose until the happening of said event; that until Luyando had paid the judgment that the Fernández might obtain against him no cause of action arose; that in effect confessedly the amount of the claim of Luyando against Díaz was uncertain and no claim might arise if the property was sold and satisfied the debt. The court recited that on the day of the opinion the court had rendered another judgment dismissing the complaint filed by the Fernández against Luyando; that to render judgment now against Díaz would allow Luyando to enrich himself at the expense of Díaz.

Upon the facts of this case, it was perfectly clear that Ramón Díaz assumed and undertook to pay the three thousand dollars owing by Luyando to the Fernández brothers, the debt being secured by a mortgage on the property in question. Originally Luyando owed the Fernández brothers $3,000. This was a primary obligation for which he and his wife assumed a mortgage. When Luyando sold the property to Díaz the specific agreement of the latter was to pay the $3,000 in due course. So far as Luyando and Díaz were concerned, Díaz assumed to pay the obligation owing by Luyando when it became due. This Díaz did not do. He had an obligation to fulfill, and when he did not fulfill it, a cause of action arose in Luyando.

With the exception of a few cases, all the authorities that we have been able to find show that when the purchaser of mortgaged premises assumes the payment of the mortgage and fails to pay it when due, a cause of action arises in the original debtor who transferred the property. *Dawson* v. *Grote,* 222 Mass. 240; 41 C. J. 738, note 97; 41 C. J. 739, note 20; 41 C. J. 747, note 37. Some of the exceptions are also noted, but the principal exception in this jurisdiction is the case of *Malgor* v. *Clivillés, supra.* That was a case where the purchaser of the property did not assume to pay the mortgage, but this court held that even if he had made this assumption his liability was contingent upon the debt remaining after the sale of the mortgaged premises. We can not agree with the appellant that the case may be distinguished. While under the facts of that case the same decision might have been reached on another ground, yet, the case squarely decides that no cause of action arises until there has been a sale.

The appellant was not insisting in his complaint that Díaz should pay immediately the $3,000 or more owing by reason of the mortgage debt. The idea that the mortgaged premises should first be sold is not at all new. The argument has been presented in various jurisdictions that before the mortgagee himself may collect the debt he must first recur to the mortgaged property. This contention has been steadily met by the courts to the effect that the mortgagee is not obliged to proceed against the mortgaged property but may proceed directly either against the original mortgagor or his grantee who has assumed the payment of the mortgage, and even against both of them. As between the mortgagor and his grantee, the relation is somewhat similar, if not the same, to principal and surety, the principal being the grantee.

Under all the jurisprudence that we have been able to find in the United States, the mortgagee does not have to

proceed against the mortgaged premises but may file a suit directly against the debtor, as we have held in various cases.

We have taken pains to revise some of the jurisprudence with respect to what are the remedies of the mortgage creditor, namely, whether he may establish a personal action and also whether he may proceed against subsequent purchasers or even elect to sue the original debtor.

*Fernández* v. *Hernández*, 16 P.R.R. 72, was a case wherein, referring to no other jurisprudence, we held that a person who acquired a piece of mortgaged property could pay the debt, if he chose, and release the mortgaged property, but that he was in no way bound to satisfy the debt out of his other property if the mortgage sale was insufficient.

*Sanquírico* v. *Registrar*, 44 P.R.R. 314, has reference to the subject matter, but does not really touch the case at bar.

*Martínez* v. *Registrar*, 44 P.R.R. 616, although it treats of other matters, shows that a personal suit may be filed to recover a mortgage credit, although the question of whether such a suit was proper was not fully raised.

In *Santos* v. *Morán*, 32 P.R.R. 55, we said: "A cause of action is stated in a complaint in an ordinary action by a mortgagee against the vendee of the mortgaged property to recover the part of the purchase price retained by the latter for the payment of the mortgage and in which it is alleged that the defendant assumed the payment of the mortgage."

*Font* v. *Rosales*, 42 P.R.R. 606, was a case where we held, to quote the syllabus, that "where the action is a personal one to recover on an obligation secured by mortgages, any reference therein to the existing mortgages is a mere description of the origin of the debt which does not convert the personal action into a real, mortgage action." Also that "in a personal action to recover on an obligation secured by mortgages, the clerk of the court has the right, . . . . to note a default and enter judgment thereon."

In *Molina* v. *Pascual*, 42 P.R.R. 645, we apparently held that when the various purchasers of a mortgaged property assumed the responsibility, that such a responsibility is joint and several with the original debtor or at least among the several purchasers.

In *Rosales* v. *District Court*, 33 P.R.R. 305, we held that when an action is begun for the recovery of money, the fact that the property is mortgaged did not convert the action from a personal to a real one.

*Valledor* v. *Diez et al.*, 35 P.R.R. 20, quotes the case of *Rosales* v. *District Court, supra,* and decides that a personal action cannot be maintained against the purchaser to recover the amount of the mortgage; that is, as we understand it, that in the absence of an agreement by the purchaser no personal action lies against him.

We reach the conclusion, in accordance with our decision in the *Fernández* case, *ante,* p. 664, that Luyando is entitled to a judgment whereunder Díaz shall be adjudged to pay to Luyando whatever amount the latter may be required to pay to the Fernández brothers. The judgment therefore should be reversed and another rendered to that effect.

MR. JUSTICE ALDREY, dissenting.

The grounds of my dissent in this case are the same as those which I have just stated in the case of *Fernández* v. *Luyando,* No. 5947, and which should be considered as reproduced here.

ON MOTION FOR REHEARING

June 8, 1934

MR. JUSTICE WOLF delivered the opinion of the court.

A motion for reconsideration has been presented. The attorneys for Díaz insist in effect that no cause of action arises when a mortgage is given on property until the mortgage right is first exhausted. Whether we fully understand the argument of the proponent of the motion or not, the master reason for the position that we have assumed is that

when a person buys a piece of mortgaged property and undertakes to pay the mortgage debt upon maturity and fails to do so, a cause of action arises in the vendor. The obligation on the part of Díaz to pay was definitely a part of the purchase price; in other words, the payment of $3,000 was deferred. The person in whose favor the obligation exists must have some recourse. *Ubi jus, ibi remedium.* The only doubt that we had in the case was the form of the action that Luyando had against Díaz. In Puerto Rico we have our own system of rights and obligations and when a right arises the performance of the obligation may be exacted.

This position is strengthened by the fact that we have a complete system for protecting the rights of persons who become plaintiffs in seeking the performance of an obligation. We have the act of 1902 whereby a plaintiff can secure the effectiveness of his judgment. Section 14 (*h*) gives the court an ample scope to protect the rights of plaintiffs. If there is a breach of an obligation whereby a person is entitled to compensation, liquidated or unliquidated, he has a right to protect it by suit and to secure the effectiveness of the judgment that he may obtain.

In framing our decision we were aware that we had no precedent in Puerto Rico for the position we assumed but we also had in mind the general provisions of section 36 of the Code of Civil Procedure where if no mode is specifically pointed by the code any other mode consistent with justice or equity must be followed.

The motion for reconsideration will be denied.