ARGUED AND DETERMINED ₁

IN THE

# SUPREME JUDICIAL COURT

OF

# MÀSSACHUSETTS.

HENRY J. GREEN *vs.* TIMOTHY J. DANAHY.

Essex.    November 3, 1915. — February 11, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY & CROSBY, JJ.

*Cemetery. Burial. License,* Revocable on failure to perform condition. *Contract,*
In writing. *Evidence,* Extrinsic affecting writings.

Oral evidence is admissible to show that a certificate representing the right of
burial in a certain lot in a cemetery did not contain the whole of the contract
between the certificate holder and the proprietor of the cemetery and
that the right was granted subject to the condition that the certificate holder
should grade and care for the lot and that, if he failed to do so, the right of
burial might be revoked and remains interred in the lot might be removed.

The purchaser of a right of burial in a lot in a Roman Catholic cemetery paid $50
and received a certificate which stated that the right was granted subject to
certain regulations " or such others as may be from time to time prescribed in
relation to burials in the said cemetery." When the purchaser was choosing his
lot the pastor in charge of the cemetery told him that he must assume the duty
of grading and caring for the lot that he purchased, that, if he failed to per-
form that duty, the pastor would have recourse to drastic measures which might
go so far as to cause the removal of the remains that had been interred in the
lot, and that the price of the lot was made very low because of this burden that
was imposed upon the purchaser. The purchaser made no objection to these
conditions. He paid for his certificate, but neither graded nor cared for the
lot and permitted it to remain in a rough unimproved condition and allowed
grass, weeds and brush to grow wild upon it. When this neglect had con-
tinued for ten years the pastor without the knowledge or consent of the pur-
chaser removed the remains of the purchaser's mother from the lot and buried

them elsewhere in the cemetery. In a suit in equity by the purchaser against the pastor to obtain redress, the trial judge found the facts stated above and found that the certificate held by the plaintiff did not and was not intended to contain all the terms of the contract but was a mere memorandum and that the oral conditions as to care and grading formed a part of the consideration of the contract and were binding upon the plaintiff. He made a decree that the bill be dismissed, and, on appeal to this court, it was *held*, that the conversation between the parties when the plaintiff agreed to grade and care for the lot was admitted in evidence rightly, and, the finding of the judge not appearing on the entire evidence, which was reported, to be clearly wrong, the decree dismissing the bill was affirmed.

BILL IN EQUITY, filed in the Superior Court on September 19, 1912, by the holder of a certificate for a burial lot in Saint Mary's Catholic Cemetery in Needham against the pastor in charge of that cemetery, alleging that the body of the plaintiff's mother without the plaintiff's knowledge or consent had been exhumed from the cemetery lot and buried elsewhere by and under the direction of the defendant, and praying, among other things, that the defendant be ordered to allow the plaintiff to remove the body of his mother from its present place and, if the plaintiff so desired, to rebury it in the lot represented by the plaintiff's certificate, that the defendant be ordered to pay to the plaintiff the reasonable expense of such removal and reburial, that the defendant be enjoined from interfering in the future with the remains interred by the plaintiff in the lot, for damages and costs and for further relief.

The certificate, of which a copy was annexed to the bill, was dated November 26, 1902, and was signed by the defendant as pastor. The certificate contained, among other matters, the following:

"This certifies, that for and in consideration of fifty dollars, paid by Henry G. Green of Lynn, Mass. the right is granted to him and the Roman Catholic members of his family to bury in Lot No. 223, Sec. A. in St. Mary's Catholic Cemetery, Needham, Mass., subject always to the following regulations, or such others as may be from time to time prescribed in relation to burials in the said Cemetery, viz: —"

"2. It is to be expressly understood that this Certificate is not a conveyance of real estate, nor does it confer any right to sell or transfer the Lot herein mentioned."

"7. No fence, wall or other enclosure shall be made around any

lot or grave; no cross shall be built or set up without special permission from the Pastor; nor shall any monument or headstone be erected, or trees or shrubbery planted, unless such as are approved of by the Pastor; nor shall any alteration or improvement be made in any lot or grave unless in accordance with the plan of the Cemetery."

The defendant's answer contained, among other matters, the following:

"6. Further answering, the defendant says that at the time when he gave the plaintiff the certificate referred to in the bill, the defendant was engaged in clearing, grading and beautifying the said cemetery as a whole and fitting the same for use as a cemetery. The lot described in plaintiff's certificate is in the best and most conspicuous part of the cemetery, and the plaintiff promised and agreed with the defendant as a part of the consideration to grade, clear and improve said lot and the certificate was received and held by the plaintiff upon the express condition that plaintiff would forthwith carry out his said agreement. The plaintiff took and held said certificate subject to such regulations as had then or might thereafter be made and prescribed in relation to burials in the said cemetery. One of said regulations was that lot owners must care for their lots and keep them in a condition of reasonable conformity to the other improved parts of said cemetery. Another of said regulations was as follows:

"Should a lot be not paid for at the specified time, in case such a time extension is made, or within a year at the limit, the right is reserved to the pastor to transfer such body or bodies therein interred to the grave section of the cemetery and thereby release said lot for a new purchaser. The plaintiff never in any part performed his said promise to grade, clear and improve said lot, but left the same in the rough state in which it was and overgrown with unsightly bushes and weeds. The plaintiff wholly failed to conform to said regulations although notified by the defendant to do so, and that said rules would be enforced, on two occasions, except that plaintiff paid fifty dollars as the cash part of the consideration. After the plaintiff's default hereinbefore set forth had continued for many years, the defendant, being unable to find the plaintiff or learn where he was, enforced the said regulations by the only means in his power; namely by removing the said

body in a proper and careful manner to the grave section of said cemetery which is at all times properly cared for by the defendant. And the defendant has at all times been and now is ready and willing to account to the plaintiff for all of said fifty dollars over and above the value of said single grave."

The case was heard by *Hamilton,* J., who made a memorandum of findings, including those that are stated in the opinion, and ordered that the bill be dismissed. From the decree entered in accordance with this order the plaintiff appealed. The entire evidence was reported by a commissioner appointed under Equity Rule 35.

*H. R. Mayo,* for the plaintiff.

*D. L. Smith,* for the defendant.

CROSBY, J. The certificate which was delivered to the plaintiff by the defendant states that the right "is granted to him and the Roman Catholic members of his family to bury in Lot No. 223, Sec. A. in St. Mary's Catholic Cemetery, Needham, Mass., subject always to the following regulations, or such others as may be from time to time prescribed in relation to burials in the said Cemetery." Then follow several provisions, some of which relate to occupancy of the lot and others concern the manner in which interments shall be made therein. Paragraph 2 of the certificate also states that "It is to be expressly understood that this Certificate is not a conveyance of real estate, not does it confer any right to sell or transfer the Lot herein mentioned."

The right which the plaintiff received under this certificate was merely a right of burial. It was merely a license or privilege of burial, and the terms upon which it could be exercised were subject to such reasonable rules and regulations as the defendant should from time to time impose. *McCrea* v. *Marsh,* 12 Gray, 211. *Burton* v. *Scherpf,* 1 Allen, 133. *Sohier* v. *Trinity Church,* 109 Mass. 1. *Dwenger* v. *Geary,* 113 Ind. 106. *McGuire* v. *St. Patrick's Cathedral,* 54 Hun, 207. 6 Cyc. 711, 717, 718, 719.

The provision in the certificate that it is granted subject to the regulations therein contained and "such others as may be from time to time prescribed in relation to burials in the said Cemetery" authorized the imposition of regulations in addition to those expressly stated in the certificate, and such regulations properly might be in writing or orally communicated when the certificate was issued, and the consideration was paid therefor. The rule

that parol evidence is not admissible to alter, vary or control a contract in writing is not applicable to such an instrument, the express language of which authorized alterations and variations from time to time. See *North Packing & Provision Co.* v. *Lynch,* 196 Mass. 204.

The judge of the Superior Court, before whom the case was heard, found that just before the agreement for the issuance of the certificate to the plaintiff had been completed, and while the parties were in the cemetery and the plaintiff was making a choice of lots, the defendant stated to the plaintiff in substance, "that the plaintiff must assume the duty of grading and caring for the lot that he purchased and if he failed to perform that duty the defendant would have recourse to drastic measures which might go so far as to cause the removal of the remains that had been interred in it; that the price of the lot was made very low because of this burden that was imposed upon the purchaser."

The judge further found "that the plaintiff did not object to these conditions and impliedly assented to them . . .; that the said certificate did not and was not intended to contain all the terms of the contract but was a mere memorandum and that the oral conditions as to care and grading formed a part of the consideration of the contract and were binding upon the plaintiff."

The judge also found "that the plaintiff neither graded nor cared for the lot in question at any time, but permitted it to remain in a rough, unimproved condition and allowed grass, weeds, and brush to grow wild upon it, so that its appearance became unsightly, unkempt and neglected and not in conformity with the other adjoining parts of the cemetery."

The certificate was issued to the plaintiff in November, 1902, soon after which the body of the plaintiff's mother was buried in the lot. The judge found that about two years later the defendant sent by mail a letter directed to the plaintiff, in which he (the defendant) requested the plaintiff "to clear the lot and care for it or the defendant might be compelled to remove the remains of the plaintiff's mother . . . and that about two years thereafter [the defendant] sent him [the plaintiff] another letter by mail of like tenor, but the defendant did not receive a reply to either." The judge found that the plaintiff did not receive either of these letters.

In 1912 the defendant caused the remains of the plaintiff's mother to be removed from the lot and to be buried in another part of the cemetery, but without the knowledge or consent of the plaintiff. It is for the removal of the remains of his mother from the lot that the plaintiff seeks redress in this suit.

The case at bar is clearly distinguishable from *Meagher* v. *Driscoll*, 99 Mass. 281. In that case the written instrument under which the plaintiff claimed a right of burial conferred a right to the exclusive occupation of a particular lot with *habendum* to the plaintiff and his heirs and assigns.

The evidence of the conversation between the parties when the certificate was issued, wherein the plaintiff agreed to grade and care for the lot, was properly admitted.

The entire evidence having been reported, we do not perceive any error in the admission or exclusion of evidence, nor are we able to say that the findings of the trial judge or his order dismissing the bill were clearly wrong. Therefore the entry must be

*Decree affirmed.*