Frank J. Glackin *vs.* William H. Bennett & others.

Essex.    November 9, 1916. — March 10, 1917.

Present: Rugg, C. J., De Courcy, Crosby, Pierce, & Carroll, JJ.

*Contract,* In writing. *Sale,* Warranty. *Evidence,* Extrinsic affecting writings. *Motor Vehicle. Frauds, Statute of.*

An agreement in writing, accepted by the buyer, stating the sale of a used motor car of a kind described for $600 and the payment on deposit of $50, giving the names and addresses of the seller and the buyer, containing the guaranty "Guarantee as to parts same as with a new car" and an acknowledgment of the payment of the balance of $550, both signed by the seller, cannot be varied

by showing that the seller during the negotiations which resulted in the sale orally warranted that the car could be operated twelve miles on one gallon of gasoline.

The fact that the instrument in writing described above, which was accepted by the buyer, was not signed by him, was *held* to be immaterial in an action brought by him to enforce the alleged oral warranty, where no question could arise under the statute of frauds.

CONTRACT, against copartners doing business under the name of the Essex Automobile Company, on an alleged contract of warranty guaranteeing that a used motor car, which was sold by the defendants to the plaintiff for $600, could be operated for twelve miles on one gallon of gasoline, alleging that the plaintiff gave the motor car a fair trial and that the car could not be operated twelve miles on one gallon of gasoline but averaged about seven miles per gallon, whereupon the plaintiff returned the car to the defendants and demanded that they return the purchase price to him. Writ dated September 20, 1913.

In the Superior Court the case was tried before *Hall,* J. The evidence is described in the opinion. The contract in writing there referred to was called Exhibit 1 and was as follows:

"W. H. Bennett          H. M. Doane          J. R. Honors

Essex Automobile Company

Pleasure and Commercial

Vehicles

Telephones:                              170 Broad Street
172–173–8273                        Lynn, Massachusetts
                                                        9–30–12

Sold to Frank J. Glackin
   73 Harwood St.,
      Lynn, Mass.

| | |
|---|---|
| 1 Used 1907 Peerless car | $600.00 |
| Credit by deposit October 1, 1912 | 50.00 |
| Balance | $550.00 |

Guarantee as to parts same as with a new car.

Essex Auto Co.

H. M. Doane

Received payment,

Oct. 7, 1912

Essex Automobile Company

Per                              "

At the close of the evidence the defendants asked the judge to make the following rulings:

"1. The plaintiff is not entitled to recover in this action.

"2. The only warranties upon which the plaintiff was entitled to rely after purchase are those stated in Exhibit 1, and such warranties afford no basis to plaintiff to recover in this action.

"3. The plaintiff and the defendants reduced their bargain to terms stated in Exhibit 1, and this writing cannot be varied or enlarged by evidence of oral statements made prior to such reduction or subsequent to such reduction as to gasoline mileage.

"4. The language of alleged warranty contained in the plaintiff's amended declaration does not set forth a warranty."

"8. Expressions of opinion or estimate made by the defendants or by any of them to the plaintiff as to what the automobile would do by way of running a certain number of miles upon one gallon of gasoline are not warranties upon which any liability in this case to the plaintiff can be based."

"14. Rescission means a final, unequivocal and definite act of election, and cannot be availed of in the case of a sale of a particular article sold after examination by the buyer, unless the buyer promptly and within a reasonable time of the sale and of discovery of a breach of warranty notifies the seller of his election to rescind and returns the article to the seller in substantially as good condition as it was in at the time of sale."

"16. In this case the plaintiff retained the ownership of the automobile until the summer of 1913, and this lapse of time was unreasonable."

The judge refused to make any of these rulings and submitted the case to the jury with other instructions. At the close of the charge the defendants asked the judge "to instruct the jury that if the contract of the parties is comprised in Exhibit 1, they are not to consider St. 1908, c. 237, § 12, which was read by your honor to the jury in defining an express warranty." No further instruction was given by the judge.

The jury returned a verdict for the plaintiff in the sum of $681.40; and the defendants alleged exceptions.

St. 1908, c. 237, § 12, is as follows: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is

to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only, shall be construed as a warranty."

*S. H. Hollis,* for the defendants.

*J. W. Sullivan,* for the plaintiff.

CARROLL, J.   In October, 1912, the plaintiff bought from the defendants a second hand 1907 Peerless motor car, for which he paid $600. At this time a written agreement was executed, a copy of which is printed above. This action is to recover for the breach of an oral warranty (made during the negotiations resulting in the sale), that the motor car could be operated twelve miles on one gallon of gasoline. There was no evidence of fraud nor of a breach of any of the terms of the written contract. On the cross-examination of the plaintiff, when the written contract for the first time appeared in evidence, he testified that when it was delivered he inquired concerning the warranty; thereupon the defendant Doane wrote what appears on the agreement in pencil, namely: "Guarantee as to parts same as with a new car." "I asked him to give me the guaranty that went with a new car. If that is the guaranty that goes with a new car I got all I asked for." He also testified that he did not know what Doane wrote. In the Superior Court the verdict was for the plaintiff.

When it is apparent that the writing contains only a part of the agreement and does not purport to set forth all its terms, or when it is a reasonable inference that it was not intended to be a full and final statement of the entire transaction, the existence of a separate agreement, not inconsistent with its terms and relating to some subject on which the written instrument is silent, may be shown by parol. *North Packing & Provision Co.* v. *Lynch,* 196 Mass. 204, 206. *Green* v. *Danahy,* 223 Mass. 1, 4. See also *West End Manuf. Co.* v. *P. R. Warren Co.* 198 Mass. 320; *Davis* v. *Cress,* 214 Mass. 379; *Lyman B. Brooks Co.* v. *Wilson,* 218 Mass. 205. But where a writing shows on its face that it includes the whole agreement of the parties and comprises all that is necessary to constitute a contract, it is presumed that they have placed the terms of their bargain in this form to prevent misunderstanding and dispute, intending it to be a complete and final statement of

the whole transaction. And all their stipulations relating to its subject matter are to be found within the written instrument.

"The rule forbidding the introduction of parol testimony to vary or contradict a written agreement is not merely one of evidence, though commonly, perhaps, so spoken of, but one of substantive law, and rests on the doctrine that when parties have deliberately put their agreements in the form of a written contract they shall not be allowed to show that the agreement was something else." *Mears* v. *Smith,* 199 Mass. 319. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122. *Fairfield* v. *Lowry,* 207 Mass. 352, 358. *Rochester Tumbler Works* v. *Mitchell Woodbury Co.* 215 Mass. 194, 197. *Goldenberg* v. *Taglino,* 218 Mass. 357, 359. By deciding to put in writing all their promises they made the writing the sole record of their agreement; they agreed to this by the execution of the contract. Its terms and conditions therefore must be sought in the instrument wherein they are recorded, and to modify, enlarge or contradict them, would violate the substantive rights of the parties. The instrument was complete in itself, — it showed on its face that it denoted a complete legal obligation and contained all the conditions of the contract: it gave the name of the buyer and of the seller, the make and kind of automobile, the price paid, the acknowledgment of payment, and the specific warranty "as to parts same as with a new car." In view of this it is unnecessary to consider the testimony of the plaintiff, and what inferences, if any, were to be drawn from it, showing his acceptance of the writing as a final and complete account of the agreement.

Although the plaintiff testified that he did not know what Doane wrote when the addition in pencil was made, there was no fraud practised upon him. He accepted the instrument as a final statement definitely fixing the terms of the agreement; and even if he did not sign it, no question under the statute of frauds arising, he is bound by it. See *Old Colony Railroad* v. *Evans,* 6 Gray, 25, 32, and cases cited.

There are no obscure words in the document requiring explanation, and oral evidence cannot be resorted to for this purpose. *Waldstein* v. *Dooskin,* 220 Mass. 232, 235.

An express warranty which is an affirmation of fact inducing the sale (sales act, St. 1908, c. 237, § 12), cannot be added to the

written agreement under the rule permitting an agreement by parol which is collateral to the contract and on a distinct subject to be proved. *Durkin* v. *Cobleigh,* 156 Mass. 108. *Keith* v. *Radway,* 221 Mass. 515, 517, and cases there collected. *Dawson* v. *Grote,* 222 Mass. 240. If the terms of the sale are in writing, extrinsic evidence of an express warranty not referred to in the writing is not admissible, subject of course to the exception that the document is not a mere bill of parcels or other imperfect and incomplete record of the agreement. *Whitmore* v. *South Boston Iron Co.* 2 Allen, 52, 58. *Neale* v. *American Electric Vehicle Co.* 186 Mass. 303, and cases cited. *Frost* v. *Blanchard,* 97 Mass. 155. *Scholl* v. *Killorin,* 190 Mass. 493. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 445.

It is also to be mentioned that the contract was not silent on the question of warranting the motor car. When some particular subject is dealt with in the writing, it is presumed that the complete engagement on that subject is contained in the written contract. When the plaintiff asked for a warranty one was inserted. "By requiring a warranty, he is to be understood as excepting against all terms but such as are stipulated in the bargain." *Yeats* v. *Pim,* Holt, N. P. 95. *Webb* v. *Plummer,* 2 B. & Ald. 746, 750. The contract expressly provided that "Guarantee as to parts same as with a new car," and an additional warranty guaranteeing the extent of the consumption of gasoline in its operation could not be added by parol. The defendants' request, that the oral statements of warranty introduced before the written agreement was in evidence be stricken out, should have been granted.

As there was no breach of the written agreement and it could not be changed by parol, it is unnecessary to consider the other questions raised by the defendant.

Under St. 1913, c. 716, judgment should be entered for the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*