SAMUEL C. BENNETT *vs.* N. THOMSON & another.

Suffolk.    March 4, 1920. — April 3, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* In writing. *Sale,* Warranty. *Practice, Civil,* Ordering of verdict, Estoppel arising from position taken by counsel at trial. *Estoppel. Evidence,* Of false representations, Presumptions and burden of proof. *False Representations.*

Where, by a formal bill of sale and conveyance under seal, the owner of "All brick of every name, nature and description located" on certain property for the stated consideration of $4,000 conveyed the bricks, thus described, to one who paid therefor $1,000 in cash and $3,000 by a promissory note, the instrument containing a covenant and warranty of title but no warranty or representation as to quality, it is not open to the purchaser, in an action against him by the seller upon the promissory note, to contend that there had been on the part of the seller a breach of warranty of quality, for which the purchaser sought damages in recoupment.

At the trial of the action above described, at a time when there were in the answer a general denial, denial of consideration and an allegation that the defendant had been induced to sign the note by misrepresentations by the plaintiff as to the quality and quantity of the brick, but no allegation of a breach of warranty of quality, the plaintiff was asked by his counsel, "Did you intend to mislead the defendant?" and, in a colloquy which ensued between the counsel for the defendant and the judge, wherein the judge asked the defendant's counsel, in substance, if he intended to rely upon the allegation of misrepresentation in the answer, the counsel replied that it seemed to him that he "ought not to be asked point blank what" he "personally" claimed was "the whole transaction," that he intended to amend the "pleadings to claim that the goods were warranted up to a certain standard and were not up to that standard," that he did not make the claim of a misrepresentation "as the pleadings stand now, but I want to amend the pleadings." The judge then ruled, "If you simply want to amend by adding, you [addressing the plaintiff's counsel] may put the question, . . . whether he [the plaintiff] intended to mislead." The defendant later was permitted to amend his answer by adding an allegation of breach by the plaintiff of warranty of quantity and quality. The judge, subject to an exception by the defendant, ordered a verdict for the plaintiff, the defendant not contending that the note was not duly executed. In this court the defendant "waived all the defences set up in the answer except that of misrepresentation as to the quality of the bricks sold, and that the consideration, if there was any, failed." *Held,* that the judge must have understood from the statements of the defendant's counsel that he did not rely on the alleged misrepresentation; and therefore that, the defence of breach of warranty not being open under the contract, the ordering of the verdict was right.

At the same trial, there was evidence that the brick were described in a memorandum handed to the defendant by the plaintiff before the sale, as "building or face

brick," and "fire brick," and that they were not of that quality; that the brick were open to inspection and that their quality and condition were apparent; that negotiations for the sale had begun early in the year 1918 and were concluded in July of that year; that the defendant's business was that of buying and selling second hand machinery and junk; that he had had the fullest opportunity to examine the brick and had examined and inspected them; and that the plaintiff, a lawyer, had depended for what knowledge he had concerning the brick upon the caretaker of the premises, who referred to the large brick as fire brick and to the other brick as face brick. *Held,* that a finding would not have been warranted that the plaintiff made fraudulent statements which induced the defendant to purchase the brick and upon which the defendant relied; and, therefore, that the verdict for the plaintiff rightly was ordered.

CONTRACT upon a promissory note for $3,000, made by the defendants and payable to one Bowen and the plaintiff, a lawyer, and indorsed by Bowen to the plaintiff. Writ dated August 8, 1918.

In the Superior Court the action was tried before *Hammond,* J.

The agreement in writing, referred to in the opinion, excepting the *in testimonium* clause and the signatures, was as follows:

"Know all men by these presents, That we, Charles H. Bowen and Samuel C. Bennett, jointly and individually as our respective interests may appear, in consideration of Four Thousand (4000) Dollars paid by Thomson & Kelley of Boston, Mass., the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer and deliver unto the said Thomson & Kelley the following goods and chattels, namely,

"All brick of every name, nature and description located at Makonikey, Martha's Vineyard, Mass., on property formerly occupied by the Kaolin & Clay Products Company and the Clay Products Company.

"To have and to hold all and singular the said goods and chattels to the said Thomson & Kelley and their executors, administrators, and assigns, to their own use and behoof forever.

"And we hereby covenant with the grantee that we are the lawful owner of the said goods, and chattels; that they are free from all incumbrances; that we have good right to sell the same as aforesaid; and that we will warrant and defend the same against the lawful claims and demands of all persons. . . ."

The amendment to the defendants' answer added the following: "For further answer the defendants say that on July 1, 1918, the plaintiffs sold to the defendants a certain lot of brick located

at Makonikey, Martha's Vineyard; that said plaintiffs represented to the defendants that said brick were of specific grade, namely, face brick and fire brick and that said brick were merchantable; that relying upon the foregoing representation and express and implied warranties the defendants purchased the said brick paying therefor the sum of $4000.00; which payment was by cash of one thousand dollars and by note of $3000.00, — which note the plaintiffs are now seeking to enforce as set forth in the Declaration in this action; that the bricks sold were not face brick, building brick, or fire bricks, as represented, and were not merchantable; that said brick is of little value; wherefore the defendants seek to recoup against the plaintiffs the loss and damage suffered by them; the said plaintiff being the payee of said note and not an innocent holder thereof."

The defendants introduced evidence tending to show that the plaintiff and Bowen, previous to the execution of the agreement in writing above described, had handed to the defendants a memorandum on which the brick were described as "building or face brick," and "fire brick," and that the brick were not of that quality.

The colloquy between the judge and the counsel for the defendants, referred to in the opinion, was as follows:

The plaintiff's counsel, in redirect-examination of Bowen, had asked "Did you intend to mislead the defendant?" The defendants' counsel interposed, "Wait a minute." The judge asked, "Do you claim that he did?" The defendants' counsel replied, "I am going to ask the court's permission to amend the pleadings. One of them would be about the warranties." The judge then stated, "You claim misrepresentation in your pleadings." The defendants' counsel replied, "I don't think I ought to be asked to say that openly until the case is in. Whether I claim that or not is for the jury to consider." The judge then ruled, "He may ask him if he intended to mislead, if you are going to claim he did." The defendants' counsel then said, "The Supreme Court ruled — may I read it? — 'Whether statements are made of the speaker's knowledge within the requirements of this test, is a question for the jury.' That has been decided in 127 Mass. It seems to me I ought not to be asked point blank what I personally claim is the whole transaction. I am only

counsel, and the jury is to pass upon that." The judge replied, "The pleadings here indicate you claim there was a misrepresentation. What I am trying to get at is whether you claim that or something else." The defendants' counsel replied, "I intend to amend my pleadings to claim that the goods were warranted up to a certain standard and were not up to that standard."

The judge then stated, "Now if you want to claim breach of a warranty, is that it? What I am getting at is, do you want to withdraw the claim that there was a single misrepresentation?" To this the defendants' counsel replied, "As I say, that is for the jury to say, not for me." The judge rejoined, "No, it is for you to say whether you make the claim or not. It is for the jury to say whether it is justified. Do you make the claim?" The defendants' counsel replied, "Not as the pleadings stand now, but I want to amend the pleadings. I want to amend by adding — " and the judge interposed, "If you simply want to amend by adding, you [addressing the plaintiff's counsel] may put the question, . . . whether he intended to mislead."

It was stated in the record, "The defendants waived all the defences set up in the answer except that of misrepresentation as to the quality of the bricks sold, and that the consideration, if there was any, failed."

Other material facts are described in the opinion.

At the close of the evidence, by order of the judge, the jury found for the plaintiff in the sum of $3,134.06; and the defendants alleged exceptions.

*S. L. Bailen,* for the defendants.

*W. A. Rollins,* for the plaintiff.

CARROLL, J. This action is to recover on a promissory note given by the defendants to Charles H. Bowen and the plaintiff, for certain brick. The terms of sale were contained in a written contract. The defendants alleged misrepresentations of the quantity and quality of the brick by the plaintiff and Bowen, and near the close of the trial the defendants were permitted to amend their answer by alleging a breach of warranty of quality. A verdict was ordered for the plaintiff.

Bowen and Mr. Bennett owned the machinery, rails and equipment, including three hundred and twenty thousand brick designated as building or face brick, some unburned building or face

brick and about one hundred and five thousand fire brick, located at Martha's Vineyard. The machinery was sold to the defendants and under an agreement in writing dated July 1, 1918, the title to the brick passed to the defendants. In this agreement no representation was made as to the amount or quality of the brick, the plaintiff and Bowen transferring all brick of every name and nature and description located at Makonikey, Martha's Vineyard, Massachusetts, on property formerly occupied by the Kaolin and Clay Products Company and the Clay Products Company, and covenanting that they were the lawful owners and that the chattels were free from all incumbrances.

As the contract in writing contained the entire agreement of the parties, it could not be supplemented by oral evidence of a warranty. *Carpenter* v. *Sugden,* 231 Mass. 1. *Glackin* v. *Bennett,* 226 Mass. 316. *Edgar* v. *Joseph Breck & Sons Corp.* 172 Mass. 581, and *North Packing & Provision Co.* v. *Lynch,* 196 Mass. 204, are not in point. In neither of these cases was the contract of sale in writing. The agreement was oral, and the paper relied on as showing that it was in writing was merely a bill of parcels not designed to set forth all the terms of the contract. It was not a contract in writing and did not prevent the parties from showing all the terms of the bargain, including the warranty. See *Glackin* v. *Bennett, supra.*

The defendants further relied on the alleged misrepresentations of the owners concerning the quality of the brick, asserting that a large part of the brick were not suitable for building or structural purposes, and that many of the fire brick were not merchantable. During the progress of the trial and before the defendants amended their answer by alleging a breach of warranty, the defendants objected to a question asked by the plaintiff. The judge then asked the defendants' counsel if he relied on the claim of misrepresentation, to which counsel replied; "Not as the pleadings stand now, but I want to amend the pleadings." The judge then said that, if the defendants desired to amend by adding (referring to the amendment setting up the warranty), the question might be put. When this question was asked, the defendants, in their answer, denied that they had signed the note, and alleged that it was without consideration and that they were induced to sign the note by the misrepresentations of

the sellers as to the quality and quantity of the brick.  The amendment of the defendants, which they then filed, related solely to the sellers' warranty.  Under these circumstances we do not think that the question of fraudulent representations is open to the defendants.  The judge must have understood, from the statements of the defendants' counsel, that he did not rely on the alleged misrepresentations and the judge was right, therefore, in ordering a verdict for the plaintiff there being no evidence in the case to contradict the agreement in writing.

Furthermore, there was no evidence of any fraudulent misrepresentations made by Bowen or by the plaintiff upon which the defendants relied.  The brick were open to inspection and their quality and condition was apparent.  Negotiations for the sale began early in the year 1918 and were concluded when the sale was made in July of that year.  The defendants' business was that of buying and selling second hand machinery and junk, they had the fullest opportunity to examine the brick and they were in fact examined and inspected by each of the defendants.  On the other hand, Bowen had not been in Martha's Vineyard since 1912 and depended on Mr. Bennett for what knowledge he had concerning the brick, and Mr. Bennett relied on the caretaker of the premises, who referred to the large brick as fire brick and the other brick as face brick when speaking of them.  Under these circumstances there was nothing to show that fraudulent statements were made by the plaintiff, inducing the defendants to make the purchase, and on which they relied.  *Mabardy* v. *McHugh*, 202 Mass. 148, 151.  *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89, 96.  *Hillyer* v. *Dickinson*, 154 Mass. 502, 508.  *Salem India Rubber Co.* v. *Adams*, 23 Pick. 256, 265.

*Exceptions overruled.*