LENA LUBIN *vs.* OSCAR HEDTLER & another.

Suffolk.     January 15, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* What constitutes, In writing.   *Evidence,* Competency, Extrinsic affecting writing.   *Frauds, Statute of.*

If the owner of certain real estate, upon receiving the sum of $500 from a woman, a prospective purchaser, alone signs a document of the following tenor, "Received of [the prospective purchaser] Five Hundred Dollars as a deposit on sale of house [describing it] . . . Price to be $7800. Papers to pass within thirty days," such document does not constitute a complete contract in writing but is merely a receipt and, in an action by the prospective purchaser against the owner for a return of the deposit, the plaintiff properly may be permitted to introduce evidence tending to show in substance that, upon the paying of the deposit, it was agreed orally between the plaintiff and the defendant that, if the plaintiff should change her mind and decide not to purchase, the defendant would return the deposit.

In the action above described, it was proper for the trial judge to charge the jury that, if the oral agreement that the plaintiff was to be paid back the money if she decided for any reason not to purchase the property was proved, they should find for the plaintiff; but, if she failed to establish such agreement, their verdict should be for the defendant.

CONTRACT to recover $500, deposited with relation to a sale of real estate by the defendant to the plaintiff, the plaintiff alleging that the defendant orally agreed to return the deposit if the plaintiff should change her mind and decide not to purchase.   Writ dated August 18, 1922.

In the Superior Court, the action was tried before *Sanderson,* J.   Material evidence, the substance of requests by the defendant for rulings, and instructions given by the judge are described in the opinion.   The jury found for the plaintiff in the sum of $541.   The defendant alleged exceptions.

*H. A. Murphy,* for the defendants.

*M. J. Moskow,* for the plaintiff.

CROSBY, J.   This is an action of contract brought to recover a deposit of $500 on an alleged agreement for the

sale of real estate. The declaration is in two counts: one upon an oral contract, the other for money had and received.

The plaintiff testified that she learned from a broker named Bemister that certain real estate owned by the defendants was for sale; that she examined it on or about April 30, 1922, at which time she first met the defendant Oscar Hedtler and his father, Andrew Hedtler, the latter being the husband of Matilda G. Hedtler; that she talked with the father and son concerning the terms of sale and the deposit to be made and arranged to meet Andrew Hedtler (who was agent for the defendants) on the following day "to make a deposit of $500 and close the deal." She further testified that on May 1, 1922, she met the agent, who told her "that if she paid the deposit of $500 and changed her mind and did not want to buy the property any time within thirty days, the defendants would give her her deposit back as they did not wish to take any advantages over her . . . that the plaintiff then said that if she should change her mind and decide not to buy the property, the defendants would give her her deposit back any time within thirty days, she would then go through with the deal and would give the defendants a deposit of $500"; that Andrew Hedtler agreed to this arrangement; that she then drew the amount from a bank and gave it to him and received a receipt in the following form:

"Chelsea, May 1, 1922.

$500.

Received of Lena Lubin Five Hundred Dollars as a deposit on sale of house 107/109 Highland St., Chelsea. Price to be $7800. Papers to pass within thirty days.

Oscar Hedtler.
Matilda Hedtler."

The plaintiff further testified that, a few days after she had made the deposit, she called Andrew Hedtler on the telephone and told him she had changed her mind and decided not to buy the property and wanted the money back; that he refused to comply with her request; that several days later she went to his home and asked to have her deposit, in

accordance with the agreement, and he refused to give it to her.

The trial judge submitted the case to the jury and instructed them in substance that, if the oral agreement that she was to be paid back the money if she decided for any reason not to purchase the property was proved, they should find for the plaintiff; but if she failed to establish such agreement their verdict should be for the defendants.

The defendants made certain requests for rulings, and contended that the writing above set forth was a completed contract binding upon the plaintiff which could not be varied or controlled by the alleged oral agreement testified to by her. The writing in question was construed in *Bemister* v. *Hedtler*, 249 Mass. 40, which was an action to recover a broker's commission for the alleged sale of this same property to the plaintiff in the present action. It was there held that the paper was a receipt, and, while it bound the defendant to sell, it did not bind Mrs. Lubin; that her contract was wholly oral, and, as it related to the sale of land, was within the statute of frauds and no agreement binding her was made. As the writing did not constitute a contract but was merely a receipt in the case we have to decide, the rule forbidding the introduction of parol testimony to vary or control a written contract was not applicable. Accordingly the plaintiff was rightly allowed to show by parol all the terms of the contract upon which the deposit was made. *Hazard* v. *Loring*, 10 Cush. 267. *Hildreth* v. *O'Brien*, 10 Allen, 104. *Stacy* v. *Kemp*, 97 Mass. 166. *North Packing & Provision Co.* v. *Lynch*, 196 Mass. 204, 206. See also *Glackin* v. *Bennett*, 226 Mass. 316, 319; *Bennett* v. *Thomson*, 235 Mass. 463, 467.

The case at bar is distinguishable from *Pearlstein* v. *Novitch*, 239 Mass. 228. In that case the writing relied upon was almost identical in form with that here considered, except that it was signed by both parties and was held to be a completed contract. As the paper delivered by the defendants to the plaintiff created no binding agreement on her part, but properly construed was a receipt, the evidence offered by her tending to show an oral agreement for the

return of the deposit by the defendant if the plaintiff decided not to purchase the property was competent, and the instructions given the jury by the presiding judge were without error.

The defendants' requests for rulings need not be considered in detail as it is manifest from what has already been said that they were rightly denied.

*Exceptions overruled.*