*Southern District*

## CLYDE EVERETT EQUIPMENT COMPANY OF R.I., INC.

v.

## BROCKTON, PERFORATING MACHINE COMPANY, INC.

*Present*: Nash, P. J., Lee & Murphy, JJ.

Case tried to *Kupka, J.* in the District Court of Brockton. No. 23167.

*Murphy, J.* This case came to us on a report established by the Appellate Division.

This is an action of contract, in which the plaintiff alleges that the defendant owes the sum of $194.08 for repairs to a bulldozer made on September 29, 1959. The answer is general denial, payment, denial of agency and that the plaintiff is not qualified to do business in Massachusetts, and therefore precluded from maintaining the action. The court found for the defendant.

*At the trial the defendant stated* in open court that the labor and materials were furnished by the plaintiff to the defendant and that there was no dispute as to price, that it waived any defense of agency and also waived the allegation in its answer that the plaintiff was not qualified to do business in Massachusetts. The only question the defendant raised was that of payment, claiming that the parties agreed that the plaintiff was to share the cost of any and all repairs made to the bulldozer on a fifty-fifty basis.

*There was evidence to show that* on May 27, 1959 the defendant purchased from the plaintiff a used, *as is,* International TB-9

Crawler Tractor with Bucryurus Erie Dozer shovel for $3200.00 plus trucking. At that time a written agreement was executed.

The court made special findings in part as follows:

"The defendant purchased a used bulldozer from the plaintiff for $3200.00, *prior to the purchase the parties hereto agreed that the cost of any repairs made to the bulldozer were to be pro rated between said parties on a fifty-fifty basis.*

Upon two separate occasions, not including the claim made in this action, the plaintiff made repairs and accepted as payment one-half of the charges made for labor and materials or parts furnished.

In the present instance the plaintiff made reparis and furnished parts in the amount of $388.16, pursuant to the agreement between the parties the defendant paid the plaintiff the sum of $194.08, or one half, on the so-called fifty-fifty basis, and therefore the plaintiff is not entitled to recover in this action.

The plaintiff filed thirty-one requests for rulings, as numbers one and two allowed, as numbers three through thirty-one denied in view of the *special findings.* Some of these requests are *correct statements of law* but are inapplicable as there was no *credible evidence presented to support them.* I find for the defendant."

██ Based on the statement by the defendant in open court, the theory upon which the case was tried, and the answers to interrogatories where the defendant makes no claim of defective or unsatisfactory materials,

we consider as waived, the requests numbered three through six and seventeen through thirty-one, which concerns warranties. Obvously they are not material to the question presented here and were not the basis of any finding by the court. (G. L. c. 106, §2-316-3a, also c. 106, §2-315) Under this statute the buyer assumes all the risk when buying a used article, *as is*.

We will consider requests numbered 3—16, as follows:

7. The court must rule that the written instrument executed by the plaintiff was complete in itself, showing on its face that it denoted a complete legal obligaton and contained all the conditions of a contract of sale, giving the name of the buyer of the used, *as is* TB-9 Crawler Tractor with Bucryurus Erie dozer shovel and of the seller, the serial, engine and dozer shovel numbers, the price paid and the terms, *as is,* under which the International TB-9 Crawler Tractor with Bucryurus Erie Dozer was sold.

8. Where the defendant accepted the contract of sale executed by the plaintiff as the final statement definitely fixing the terms of the agreement it was bound by the written contract, even if it did not sign it.

9. Where a writing shows on its face that it includes the whole agreement of the parties and comprises all that is necessary to constitute a contract it is presumed that both parties have placed the terms of their bargain in this form to prevent misunderstanding and dispute, intending it to be a complete and final statement of the

whole transaction and all their stipulations relating to its subject matter are to be found within the written contract.

10. The written contract governs the rights of these parties and testimony as to contemporaneous oral agreements differing from that shown on the invoice, even though admitted *without* objection cannot be considered.

11. Extrinsic evidence even though admitted, cannot control words of a document purporting to express the whole transaction.

12. As a matter of law the invoice must be taken as intended to accomplish the very purpose of the so-called parol evidence rule, that of fixing beyond all question the rights of the parties to this agreement in accordance with its terms and to preclude resort to extrinsic evidence.

13. Where what is given by one to another purports on its face to set forth terms of a contract, one who receives it, whether he reads it or not, by accepting it assents to its terms and is bound by any limitations of liability therein contained in the absence of fraud.

14. Where a jural act is embodied in a single memorial all other utterances of the same parties on that topic are legally immaterial for the purpoee of determining what are the terms of their act.

15. The acceptance of the paper which purports to be a contract sufficiently indicates an assent to its terms, whatever they may be, and it is immaterial that they are in fact unknown.

16. The acceptance of a paper which purports to be a contract sufficiently indicates an assent to its terms, whatever they may be.

■ The written instrument executed by the plaintiff was complete in itself, showing on its face that it denoted a complete legal obligation and contained all the conditions of a contract of sale, giving the name of the buyer of the used, *as is,* International TB-9 Crawler Tractor with Bucryurus Erie Dozer, and of the seller, the serial, engine and dozer shovel numbers, the price paid and the terms *as is* under which the tractor was sold. And the defendant is bound even though he didn't sign it. (*Glackin v. Bennett,* 226 Mass. 316, 320)

■ The substantial question is whether or not the agreement on which the defendant relies is independent of and collateral to the written sales contract with the plaintiff. If it was independent and collateral to the sale the requested rulings were properly denied. On the other hand, if it was not independent or collateral, but was a part of the sales contract, then any such evidence upon which the judge based his finding should have been excluded.

Where the agreement of two parties has been put in an unambiguous written form which they consider as final, this final form is the contract and evidence of negotiations leading up to this final form is inadmissible. The agreement merges promises made during the negotiations and nothing not contained in that final agreement can be relied on. (see *Meers v. Smith,* 199 Mass. 319; *Fairfield*

*v. Lowery,* 207 Mass. 352; *Goldenberg v. Taglino,* 218 Mass. 357)

When a writing shows on its face that it includes the whole agreement of the parties and comprises all that is necessary to constitute a contract it is presumed that both parties have placed the terms of their bargain in this form to prevent misunderstanding and dispute, intending it to be a complete and final statement ot the whole transaction and all their stipulations relating to its subject matter are to be found in the written contract. (see *Glackin v. Bennett,* 226 Mass. 316; *Ernest F. Carlson Co. v. Fred T. Ley Co., Inc.,* 269 Mass. 272, and *Berman v. Geller,* 325 Mass. 377)

*The test is whether the agreement as to which evidence was offered deals with the same subject matter as the written agreement which is alleged to intergrate or merge it. (Freeman v. Sieve,* 323 Mass. 652, *Berman v. Geller,* 325 Mass. 327 and *Tilo Roofing Co. v. Pellerin,* 331 Mass. 743) There are two excellent cases which seem to be in point in connection with this matter, those are *MacAlan v. Gleason,* 228 Mass. 454 and *Glackin v. Bennett,* 226 Mass. 316. The MacAlan case, was an action of contract to recover $509.53 for labor and materials furnished to an automobile sold by the plaintiff to the defendant. There was a written agreement of sale for $1800.00, the price was paid and the car was delivered. Later certain repairs were made. The de-

fendant admitted the charges but contended that the greater part of them were covered by a contemporaneous oral agreement and guarantee of the plaintiff to keep the *car in repair for one year from the date of the purchase free of charge to the defendant*. The court held that evidence of such an agreement *should have been excluded* and said that the oral agreement directly touched and concerned the use of and the enjoyment of the thing sold, that it was not a mere inducement, but was part and parcel of the bargain of sale and was not independent or collateral to the sale. In the *Bennett* case, which involved the purchase and sale of a motor vehicle, all prior negotiations were reduced to a contract which was complete and valid on its face. The defendant contended that the seller orally warranted that the car could be operated at 12 miles on a gallon of gasoline. This he contended was an oral contemporaneous agreement made at the time of the sale. The court held that where the writing shows on its face that it includes the whole agreement of the parties and embraced all that is necessary to constitute a contract it is presumed that they placed the terms of their bargain in this form to prevent misunderstanding and dispute intending it to be a complete and final statement of the whole transaction and all their negotiations relating to the subject matter are to be found within the instrument. (*Berman v. Geller,* 325 Mass. 377)

█ The parol evidence rule is a rule of substantive law of contracts, it is not a rule of evidence, and even though evidence of a prior agreement is admitted without objection it cannot be considered without fraud being shown. (*Meers v. Smith,* 199 Mass. 319; *Butterick Publishing Co. v. Fisher,* 203 Mass. 122; *Fairfield v. Lowery,* 207 Mass. 352; *Paulink v. Am. Express Co.,* 265 Mass. 182; *Dekofski v. Leite,* 336 Mass. 127; *Cavanaugh v. Johnson,* 290 Mass. 587; and *NE Foundation Co. v. Elliott and Watrous, Inc.,* 306 Mass. 177)

█ We are of the opinion that any evidence from which the judge made his finding that there was an agreement between the parties made prior to the written contract of sale should have been excluded. This evidence that the parties agreed to share costs of repair on a fifty-fifty basis was a part of the contract itself and not collateral to it. The following question put to a defendant's witness in direct examination, which was admitted over the objection of the plaintiff, should have been excluded. The question was as follows, "Did you receive a fifty per cent credit on this $60.00 bill of the plaintiff?", and the witness answered, "Yes." The plaintiff made no motion to strike the evidence but in suitable language requested a ruling that it be disregarded. It was error not to make this ruling. (*Dekofski v. Leite,* 336 Mass. 127-128)

It seems to us to be most inconsistent to

sell a used bulldozer *as is* and at the same time agree to pay one half the cost of any and all repairs to it without any limit as to time or amount. Restatement, Contracts ¶240 (1 and 2). As was said in *Goldenberg v. Taglino,* 218 Mass. 357, at page 359:

> "The particular agreement found by the master to rest upon this outside oral evidence was not in addition to the terms of the written contract as to a point where it was silent, but was contradictory to the implications arising from its express words."

The only other question for us to consider is the question raised by the defendant that the finding is perfectly proper and correct under the provisions of G. L. c. 106, §1-205 (1) which reads as follows:

*Course of dealing and usage of trade.*

> "A course of dealing is a sequence of *previous conduct* between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding or interpreting their expressions and other conduct."

"Course of dealing" has never been further defined except as defined in G. L. c. 106, §60. See: UCC, c. 106, §1-205 (1) Mass. Ann.

We are of the opinion that this transaction in question, where on one or two subsequent occasions the plaintiff did make repairs to the bulldozer and accepted one half of his cost in payment are not sufficient to establish a course of dealing as required under G. L.

c. 106, §1-205. Since we have ruled that evidence of any such agreement should not have been permitted, it follows that evidence of any subsequent action alleged to be taken under it cannot be considered.

It was prejudicial error not to grant the plaintiff's requested rulings numbered seven through sixteen.

Plaintiff's request number two, which was inadvertently allowed by the judge to the effect that the evidence does not warrant a finding for the defendant, should be allowed.

The finding for the defendant should be vacated and since the correct disposal of the plaintiff's requests numbered seven through sixteen would have disposed of the case in favor of the plaintiff, judgment is to be entered for the plaintiff in the sum of $194.08 plus costs.

Maurice Goldstein, of Malden, for the Plaintiff.
Albert C. Doyle, of Brockton, for the Defendant.