*Western District*

\# 175270

# PRECISION INSTRUMENT CORPORATION

v.

## ROBERT J. JOLICOEUR

Argued: Dec. 7, 1966 Decided: Feb. 24, 1967

SEE: 9 LEGALITE 21; 10 LEGALITE 98 as to Parol Evidence Rule.

*Present:* Garvey, P.J., Moore and Allen, J.J.

Case tried to *Sloan, J.* in the District Court of Springfield \# 175270

*Allen, J.* This is an action of contract to recover damages for an alleged breach of a contract. The only plea of the defendant was a general denial.

There was a finding for the defendant and the plaintiff claimed a report because of the denial of certain of its requests for rulings of law and the finding.

The report states that a written contract was executed by the parties providing for the installation of a Fire Detection System in the home of the defendant. The contract contained the following provisions: "Individual thermal units are to be installed in locations determined by [the plaintiff]. This agreement shall constitute the entire contract between the parties."

There was testimony by the wife of the defendant that their home had "special" ceilings and that the workmen of the plaintiff in the presence of its president said that "the microstats" would be installed in the wall. When she heard the workmen drilling in the ceiling she ordered them to stop, and the microstats they were about to install were three inches long whereas the microstats she saw before her husband signed the contract were one to one and one-half inches long.

The defendant testified that he ordered the plaintiff to stop work because he wanted the microstats to be installed in the walls of his home instead of the ceilings. He also testified that on the day after he ordered the work

stopped the president of the plaintiff came to his home. At that time he told him that he didn't want the microstats installed either in the walls or ceilings; that he didn't want them installed at all unless they would be effective if installed in the walls, and he didn't believe that they would be. No further work was permitted.

The only findings reported were: "The Court finds that the plaintiff *agreed orally and in writing to install* thermal units of a certain size in the walls of the defendant's home, but instead installed thermal units of a different size in the ceilings of the defendant's home." (emphasis supplied)

It is settled principle of law that contracts in writing voluntarily executed with full knowledge of their contents by rational beings acting on their own judgments must be enforced. *Colonial Development Corp.* v. *Bragdon,* 219 Mass. 170, 174.

"The general rule is that, in the absence of fraud, one who signs a written agreement is bound by its terms whether he can read or not." *Cohen* v. *Santoianni,* 330 Mass. 187, 193. Fraud was not pleaded nor proved in the case under consideration.

 A fraudulent misrepresentation of the nature and contents of a writing by which a party was induced to sign it may render the writing voidable, *Bogosian* v. *N.Y. Life Ins.*

*Co.,* 315 Mass. 375, 380, but no such claim is made here.

▇ The testimony by the defendant's wife which tended to vary the terms of the contract is of no consequence. "Though often stated in terms of the admissibility of evidence, the so-called 'parol evidence rule' is really a rule of substantive law. Extrinsic evidence, even though admitted, cannot control the words of a document that purports to express the whole transaction." *Kerwin* v. *Donaghy,* 317 Mass. 559, 568. *Maybury Shoe Co.* v. *Izestatt,* 320 Mass. 397, 403.

It would appear that all preliminary negotiations were merged in the written contract which would make parol evidence, in the absence of ambiguity, which was not asserted, inadmissible and of no probative force. *Fairfield* v. *Lowry,* 207 Mass. 352, 358. Mass Practice Series, Hughes on Evidence, Sec. 204.

▇ While it is well established that the judge's findings are conclusive if there was any evidence to support them, *Piekos* v. *Bachand,* 333 Mass. 211, 213, it is our opinion that the trial judge's findings of an oral and written agreement to install one to one and one-half inch thermal units in the walls was not warranted by the admissible evidence.

"The record does not show that the ultimate decision may not have been due to [an] erroneous view of the law of the trial judge expressed" by his disposition of the plaintiff's

requests. *Bresnick* v. *Heath,* 292 Mass. 293, 299.

Judgment for the defendant is to be vacated and a new trial ordered.

THOMAS J. O'CONNOR

of Springfield for the Plaintiff

JOHN E. BARRETT

of West Springfield for the Defendant